JUSTICE RICE,
dissenting.
¶55 The Court’s challenge in interpreting § 46-16-115, MCA, “logically,” Opinion, ¶ 32, is that the statute is not written logically. Section 46-16-115(2), MCA, instructs that a juror may be challenged for cause for 1) “all” of the enumerated listing of categories, 2) “any” of the enumerated listing of categories, or 3) “for any other reason that the court determines.” I have a difficult time imagining a juror who could be challenged for “all” of the listed categories, but, nonetheless, the statute contemplates such an overlapping challenge. The further authorization to excuse a juror “for any other reason it determines” demonstrates the very broad discretion the Legislature intended to grant the trial judge. My reading of this operative language convinces me that the enumerated listing of categories is neither an exhaustive list nor a mandatory one, but rather an initial list of circumstances that are appropriate grounds for a challenge, subject to the court determining, after trial of the challenge, that it is appropriate to excuse the juror under the generally applicable standards testing bias and prejudice.
¶56 Certainly, most of these categories present a compelling reason to dismiss a juror, but not all of them are obvious. If a juror expresses a “belief that the punishment fixed by law is too severe for the offense charged,” § 46-16-115(2)(i), MCA, the next question in voir dire would be whether the juror could set aside that belief and decide the case in accordance with the law given by the judge, particularly in view of the fact that the jury will not determine the punishment. See State v. Cudd, 2014 MT 140, ¶ 9, 375 Mont. 215, 326 P.3d 417 (In voir dire, “the critical inquiry is whether a prospective juror can convincingly *84 affirm his or her ability to lay aside any misgivings and fairly weigh the evidence.”).
¶57 The same is true for the challenge at issue here. As the Court notes, Matteson was indeed “in the employment of” the person on whose complaint the prosecution was instituted because he also worked for the State of Montana. Section 46-16-115(2)(b), MCA. Thus, Matteson fit within a statutory category. Under the Court’s interpretation of the statute, Matteson should be disqualified from serving as a juror. However, in a concession that undermines its analysis, the Court holds that not all employees of the State are subject to dismissal for that reason alone, but, rather, are subject to the trial court’s exercise of discretion. Opinion, ¶ 36. This demonstrates that the statute’s listing provides circumstances that are appropriate bases for a challenge, but nonetheless require the trial court’s discretionary determination of bias. I fear that we engender significant confusion by inserting such operative terms as “patently evident,” “middle ground,” and “immediately apparent” into the application of the listing of categories. Opinion, ¶¶ 35-36.
¶58 My position is contrary to the statement made by this Court in Thomson, where we said “[i]t is clear then that, unless the juror falls within one of the categories of [§ 46-16-115(2), MCA], he will not be removed for cause without a showing of partiality.” State v. Thomson, 169 Mont. at 165, 545 P.2d at 1073. However, this statement was dictum and was made with no analysis. I would hold that this bare statement in Thomson is not binding and that the plain language requires as explained above.
¶59 Believing that the language of the statute places all challenges within the discretion of the trial court, 1 would affirm the conviction on the basis that the District Court did not abuse its discretion.
JUSTICE BAKER joins in the dissenting Opinion of JUSTICE RICE.